NICHOLAS & TOMASEVIC, LLP
Craig M. Nicholas (SBN 178444)
Mei-Ying Imanaka (SBN 280472)
225 Broadway, 19th Floor
San Diego, California 92101
Telephone: (619) 325-0492
Facsimile: (619) 325-0496

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE PENNEY, an individual, | Case No. 8:14-cv-00928 |
| Plaintiff, | **COMPLAINT** |
| v. | |
| GNC HOLDINGS, INC., a Delaware corporation; and DOES 1-10, inclusive, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff LEE PENNEY ("Plaintiff"), alleges the following upon information and belief based upon investigation of counsel, except as to his own acts, which he alleges upon personal knowledge:


## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188, for Plaintiff's claims arising under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*.

2. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's pendent claims under the California Unruh Civil Rights Act, Cal. Civil Code § 51 *et seq*.

3. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this District, Defendant is subject to personal jurisdiction in this District, and a substantial portion of the conduct complained of herein occurred in this District.

## PARTIES

4. Plaintiff resides in this judicial district. Plaintiff, a senior citizen, suffers from severe visual impairment. Plaintiff uses screen reader software to access the Internet, and has been denied the full use and enjoyment of the facilities, goods, and services of GNC.com, as a result of accessibility barriers on GNC.com.

5. Plaintiff is informed and believes, and thereon alleges, Defendant GNC Holdings, Inc. is a Delaware corporation with its principal place of business in Pittsburgh, Pennsylvania. Defendant is a for-profit corporation that owns, operates and/or maintains places of public accommodation, i.e. GNC stores. These GNC stores provide to the public important goods and/or services. Defendant owns, operates, and maintains several GNC stores throughout this judicial district. Defendant also provides to the public a website service known as GNC.com which is heavily integrated with Defendant's GNC stores. Among other things, GNC.com provides access to the array of goods and services offered to the public by GNC.com, including special pricing offers and other benefits related to these goods and services.

6. The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such

Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7. At all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and/or scope of said agency and/or employment with the full knowledge and consent of each of the Defendants. Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each of the other Defendants (GNC Holdings, Inc. and DOE Defendants will hereafter collectively be referred to as "Defendant").

## FACTUAL ALLEGATIONS

8. GNC.com is a commercial website that offers products and services for online sale, home delivery, and purchase at brick and mortar retailers. GNC.com is heavily integrated with Defendant's GNC stores. The GNC.com website allows the user to browse products, product descriptions and prices, view sale items, find retail store locations, and perform a variety of other functions.

9. This case arises out of Defendant's policy and practice of denying the visually impaired including Plaintiff access to GNC.com, including the goods and services offered by GNC stores through GNC.com. Due to Defendant's failure and refusal to remove access barriers to GNC.com, Plaintiff and other visually impaired individuals have been and are being denied equal access to GNC stores, as well as to the numerous goods, services, and benefits offered to the public through GNC.com.

10. Defendant denies the visually impaired access to goods, services, and information made available through GNC.com by preventing them from freely navigating GNC.com.

- 3 -
**COMPLAINT**

11. The Internet has become a significant source of information, for conducting business and for doing everyday activities such as shopping, banking, etc. for sighted and visually-impaired persons.

12. The visually-impaired access websites by using keyboards in conjunction with screen-reading software, which vocalizes visual information on a computer screen. Except for a visually-impaired person whose residual vision is still sufficient to use magnification, screen access software provides the only method by which a visually-impaired person can independently access the Internet. Unless websites are designed to allow for use in this manner, visually-impaired persons are unable to fully access Internet websites and the information, products and services contained therein.

13. There are well-established guidelines for making websites accessible to visually-impaired people. These guidelines have been in place for many years and have been followed successfully by other large business entities in making their websites accessible. Since 2008, the international website standards organization W3C has published version 2.0 of the Web Content Accessibility Guidelines ("WCAG 2.0") (version 1.0 was published in 1999). These guidelines are readily available via the Internet so that a business designing a website can easily access them.[1] These guidelines recommend several basic components for making websites accessible including, but not limited to: adding invisible alternative text to graphics; ensuring that all functions can be performed using a keyboard and not just a mouse; ensuring that image maps are accessible; and adding headings so that visually-impaired people can easily navigate the site. Without these very basic components, a website will be inaccessible to a visually-impaired person using a screen reader.

14. As part of its pre-filing investigation into this case, counsel for Plaintiff carefully analyzed Defendant's website at GNC.com. As part of that analysis, a consulting expert engaged by Plaintiff's counsel confirmed that defendant's website is

---

[1] The WCAG 2.0 is available for viewing at www.w3.org/TR/WCAG (last visited on June 6, 2014).

inaccessible to visually impaired individuals by utilizing the Web Accessibility Evaluation ("WAVE") protocol tool found at http://wave.webaim.org.  GNC.com contains access barriers that prevent free and full use by visually-impaired persons using screen reading software.  These barriers are pervasive and include, but are not limited to, the following:

- There are many important pictures on GNC.com that lack Alternative Text, or a text equivalent.  Alternative text ("Alt-text") is invisible code embedded beneath a graphical image on a website. Web accessibility requires that alt-text be coded with each picture so that a screen reader can speak the alternative text while a sighted user sees the picture.  Alt-text does not change the visual presentation except that it appears as a text pop-up when the mouse moves over the picture.  The lack of alt-text on these graphics prevents screen readers from accurately vocalizing a description of the graphics. (Screen readers detect and vocalize Alt-text to provide a description of the image to a visually-impaired computer user.)  As a result, visually-impaired GNC customers are unable to determine what is on the website, browse the site, look for GNC locations, investigate GNC programs and specials, and/or make any purchases;
- "Contrast Errors" consisting of very low contrast between foreground and background colors;
- Missing Form Control Labels in which various form controls do not have properly associated text labels, which prevents the function of those form controls from being presented to visually impaired individuals;
- Multiple form labels;
- Duplicative Form Control L in which various form controls have more than one label associated with them, which prevents the assistive technology utilized by Plaintiff from reading the appropriate label; and

- Empty links that contain no text, which prevents the function and purpose of the link from being presented to individuals who use assistive technology, like Plaintiff, from accessing the intended links.

15. Due to GNC.com's inaccessibility, visually-impaired customers cannot effectively browse or shop for Defendant's products online. Instead, they must spend time, energy, and/or money to make their purchases at a GNC store, or other comparable retailer. By contrast, if GNC.com were accessible, Plaintiff and other visually impaired persons could independently investigate products and services and make purchases via the Internet as sighted individuals can and do.

16. GNC.com contains access barriers that have denied Plaintiff full and equal access multiple times in the past, and which now deter Plaintiff on a regular basis from accessing Defendant's website.

## **FIRST CLAIM FOR RELIEF**

## **Americans with Disabilities Act of 1990, 42 U.S.C. § 12181 *et seq.***

## **(Plaintiff Against All Defendants)**

17. Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

18. Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 *et seq.*, provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

19. GNC stores are public accommodations within the definition of Title III of the ADA, 42 U.S.C. § 12181(7). GNC.com is a service, privilege, or advantage of GNC stores and functions as a gateway to GNC stores. GNC.com is a service that is by and integrated with these stores.

20. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity. 42 U.S.C. § 12182(b)(1)(A)(i).

21. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals. 42 U.S.C. § 12182(b)(1)(A)(ii).

22. Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things: "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden". 42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).

23. The acts alleged herein constitute violations of Title III of the ADA, and the regulations promulgated thereunder. Plaintiff, who is visually-impaired and has a physical disability that substantially limits the major life activity of seeing within the meaning of 42 U.S.C. §§ 12102(1)(A), (2)(A), has been denied full and equal access to GNC.com, has not been provided services that are provided to other patrons who are not disabled, and/or has been provided services that are inferior to the services provided

to non-disabled persons. Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

24. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

## SECOND CLAIM FOR RELIEF

## Violation of the Unruh Civil Rights Act, California Civil Code § 51 *et seq.*

### (By Plaintiff Against All Defendants)

25. Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

26. California Civil Code § 51 et seq. guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever. Defendant is systematically violating the Unruh Civil Rights Act, California Civil Code § 51 *et seq.*

27. GNC is a "business establishment" within the meaning of the California Civil Code § 51 et seq. Defendant generates millions of dollars in revenue from the sale of goods in California through its stores and GNC.com. GNC.com is a service provided by Defendant that is inaccessible to patrons who are visually-impaired like Plaintiff. This inaccessibility denies visually-impaired patrons full and equal access to the facilities, goods and services that Defendant makes available to the non-disabled public. Defendant is violating the Unruh Civil Rights Act, California Civil Code § 51 et seq., in that Defendant is denying visually-impaired customers the goods and services provided by GNC.com. These violations are ongoing.

28. Defendant's actions constitute intentional discrimination against Plaintiff on the basis of a disability in violation of the Unruh Civil Rights Act, Cal. Civil Code § 51 et seq. in that: Defendant has constructed a website that is inaccessible to Plaintiff; maintains the website in this inaccessible form; and has failed to take actions to correct these barriers even after being notified of the discrimination that such barriers cause.

29. Defendant is also violating the Unruh Civil Rights Act, California Civil Code § 51 *et seq.* in that the conduct alleged herein constitutes a violation of various provisions of the ADA, 42 U.S.C. § 12101 *et seq.*, as set forth above. Section 51(f) of the California Civil Code provides that a violation of the right of any individual under the ADA shall also constitute a violation of the Unruh Civil Rights Act.

30. The actions of Defendants were and are in violation of the Unruh Civil Rights Act, California Civil Code § 51 *et seq.*, and, therefore, Plaintiff is entitled to injunctive relief remedying the discrimination.

31. Plaintiff is also entitled to statutory minimum damages pursuant to California Civil Code § 52 for each and every offense.

32. Plaintiff is also entitled to reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually, prays for relief and judgment as follows:

1. A preliminary and permanent injunction enjoining Defendants from violating the ADA, 42 U.S.C. § 12181 *et seq.*, and the Unruh Civil Rights Act, California Civil Code § 51 *et seq.*;

2. A preliminary and permanent injunction requiring Defendant to take the steps necessary to make GNC.com readily accessible to and usable by visually-impaired individuals;

3. An award of statutory minimum damages of $4,000 per violation pursuant to section 52(a) of the California Civil Code;

4. For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, 42 U.S.C. § 12188(a)(1), and California Civil Code § 52(a);

5. For pre-judgment interest to the extent permitted by law;

6. For costs of suit; and

///

7. For such other and further relief as the Court deems just and proper.

Dated: June 16, 2014

NICHOLAS & TOMASEVIC, LLP

By: /s/ *Mei-Ying Imanaka*
    Mei-Ying Imanaka
    Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all claims and causes of action so triable in this lawsuit.

Dated: June 16, 2014      NICHOLAS & TOMASEVIC, LLP


By: /s/ *Mei-Ying Imanaka*
   Mei-Ying Imanaka
   Attorneys for Plaintiff

**COMPLAINT**